was entered into by plaintiff, and the contractual relations between the plaintiff and defendant were severed shortly after the contract was entered into,· *held* that, as a result of plaintiff's conduct, the defendant was authorized to assume that plaintiff had abandoned his contract and any rights which he might originally have asserted thereunder.

2. PRINCIPAL AND AGENT, § 11*—*when contract with collection agency may be rescinded by principal.* In an action to recover the amount which plaintiff claimed accrued to him under a written contract under which the defendant turned over to the plaintiff various accounts for collection, and 'agreed that as compensation the entire proceeds of one of the claims and a proportionate. part of the other claims collected should be retained by the plaintiff as compensation, where the plaintiff collected only the one account of which he was to keep the entire proceeds, and kept the same and did nothing as to the other accounts for about ten years, and the particular account which was the basis of plaintiff's suit was collected by another attorney ten years after the contract was entered into by plaintiff, *held* that the contract was not an assignment of the accounts, but merely a contract of employment, and that the defendant had the right to rescind such contract by reason of the failure of the plaintiff to use diligence in its performance.

---

## Curtis Publishing Company, Appellant, v. City of Chicago, Appellee.

### Gen. No. 22,858.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 30, 1917.

### Statement of the Case.

Bill by the Curtis Publishing Company, a corporation, complainant, against the City of Chicago, defendant, to enjoin the city and its officers from interfering· with the exhibition and sale of a certain

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

weekly publication upon sidewalk news stands. A temporary injunction was granted and, upon demurrer, was dissolved and the bill was dismissed for want of equity. An appeal to the Supreme Court was dismissed on the ground that the validity or constitutionality of the city ordinances in question was not involved, and the case was transferred to the Appellate Court.

For the decision on the appeal to the Supreme Court, see 273 Ill. 373. ·

DARROW & SISSMAN, for appellant.

S. A. ETTELSON, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 201*—*when Appellate Court has no jurisdiction as to validity of ordinance.* The Appellate Court has no jurisdiction to pass upon the partial validity of a city ordinance as well as the total validity thereof.

2. MUNICIPAL CORPORATIONS—*when ordinance regulating use of news stands not construed so as to include all newspapers.* A city ordinance providing that the commissioner of public works is authorized to permit stands to be maintained on the public streets during certain hours, which shall be used for the sale of daily newspapers printed and published in the city, should not be construed by striking out the limiting language and inserting in lieu thereof "all newspapers," as it was clearly not the intention of the city council in adopting the ordinance to use such language.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.